IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ADRIAN ALONZO BAKER,

    Plaintiff,

v.                                                     CASE NO. 4:12-cv-360-RS-GRJ

CHRISTOPHER D. MASSEY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Motion for Partial Dismissal. (Doc. 37.) Plaintiff has filed a response (Doc. 40) and, therefore, the motion is ripe for review. For the reasons discussed below, the undersigned recommends that the motion be granted in part and denied in part.

### I. Introduction

Plaintiff names three correctional officers as Defendants in this case: Sgt. Christopher Massey, Officer D.H. Smith, and Officer Givens. Plaintiff's claims stem from an incident in August 2011, in which he says that he was beaten by Defendants Massey and Smith. Plaintiff asserts that he was awoken at 3:30 a.m. by Defendant Massey, who ordered Plaintiff out of his cell and "verbally assaulted" Plaintiff about a grievance that Plaintiff had written. (Doc. 17, at 5.) Plaintiff told Defendant Massey that he would write a grievance about the incident. Plaintiff asserts that Defendant Massey grabbed him, at which point Plaintiff ran away from Defendant Massey towards his cell. Plaintiff asserts that Defendant Massey chased after him and tackled him.

Plaintiff asserts that Defendants Smith and Givens observed what was

happening from the officer's station.  He asserts that Defendant Givens was operating the switchboard that opens the doors, and let Defendant Smith out of the officer's station and up the stairs to the place where the altercation was taking place.  Plaintiff asserts that Defendant Smith hit him in the eye with his radio when he arrived at the scene, causing Plaintiff's eye to bleed.  He asserts that Defendant Massey was still "slamming" and threatening to slam Plaintiff during this time, and that Defendant Smith sprayed him with mace at the direction of Defendant Massey.  Plaintiff asserts that after being sprayed with mace, he was slammed to the floor, pummeled, and kicked by Defendant Smith.

Plaintiff asserts that he was then handcuffed by other, unnamed officers, who escorted him to the dormitory and placed him in the shower.  These officers then placed him in a confinement wing after he was treated for his injuries by medical staff.  Plaintiff received a recommendation for placement in close management.

Plaintiff alleges that the officers' actions violated his Eighth Amendment right to be free from cruel and unusual punishment, and constitutes assault and battery.  Plaintiff seeks a declaratory judgment, as well as compensatory and punitive damages.

## II. DEFENDANTS' MOTION TO DISMISS

Defendants contend that dismissal of the complaint is warranted on the following grounds: (1) Defendants are entitled to Eleventh Amendment immunity for claims against them in their official capacities; (2) Plaintiff has failed to state a claim against Defendant Givens; (3) Defendant Givens is entitled to qualified immunity; (4) Plaintiff's injury was *de minimis* and he is not entitled to compensatory or punitive damages.  (Doc. 37.)

## III.  **STANDARD OF REVIEW**

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom.  *See, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir.1994).  Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits.  Fed R. Civ. P. 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir.1993).

In *Ashcroft v. Iqbal*, .  ___U.S. ___, 129 S.Ct. 1937, 1950 (2009), the Supreme Court articulated a two-pronged approach for evaluating a motion to dismiss under Rule 12(b)(6): The court must first determine what factual allegations in the complaint are entitled to a presumption of veracity, and then assess whether these facts give rise to an entitlement for relief.  In determining whether factual allegations are entitled to the presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," but rather it is their conclusory nature that "disentitles them to the presumption of truth."  *Iqbal*, 129 S.Ct. at 1951. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007).  "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. Saint Lucie County School Bd.,* 2010 WL 3995824, **1 (11th Cir. 2010) (unpublished) (citations omitted) (applying pleading standards of *Iqbal* and *Twombly* to

*pro se* complaint).[1]

## IV. DISCUSSION

### *Eleventh Amendment Immunity*

Defendants request dismissal of Plaintiff's claims against them in their official capacities. The law is well settled that a suit against a state employee in his or her official capacity is deemed to be a suit against the state for Eleventh Amendment purposes. *Will .v Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989). Therefore, under the Eleventh Amendment when state officials are sued for damages in their official capacity, the state officials are immune from suit in federal court. *Jackson v. Georgia Dep't. of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994). Accordingly, Plaintiff's claims against Defendants in their official capacities are due to be dismissed.

### *Claims against Defendant Givens*

Plaintiff's Second Amended Complaint alleges that Defendant Givens, who was operating the switchboard in the prison's control room on the night in question, violated his Eighth Amendment rights by failing to intervene in the beating. An officer who witnesses the use of excessive force and fails to intervene can be liable for this failure. *Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008). The facts must demonstrate that the non-intervening officer was actually in a position to intervene and failed to do so. *Id.* at 1320.

In their motion to dismiss the Complaint, Defendants assert that Plaintiff's allegations fail to state a claim upon which relief can be granted because Defendant

---

[1] Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

Givens "did not have an opportunity to intervene" from her position in the control room. (Doc. 37, at 6.) Defendants further assert that Plaintiff failed to state a claim for assault and battery against Defendant Givens, because he did not allege that she participated in the beating. Finally, Defendants assert that Defendant Givens is entitled to qualified immunity because Plaintiff has not shown that her actions violated his constitutional rights.

In his response to the motion to dismiss, Plaintiff states that he "concedes to the relinquishment of Officer Givens from suit and therefore seeks no further claims against her." (Doc. 40, at 12.) Accordingly, the claims against Defendant Givens are due to be dismissed.

### *Compensatory and Punitive Damages*

Plaintiff requests compensatory and punitive damages against Defendants Massey and Smith "for the physical and emotional injuries incurred upon Plaintiff in the beating and excessive force against Plaintiff, in the amount of $150,000." (Doc. 17, at 8.) It is well-established that Plaintiff "must demonstrate a physical injury that is more than *de minimis* in order to recover compensatory or punitive damages for mental or emotional injury suffered while in custody." *Hale v. Secretary for Dept. Of Corrections*, 345 Fed. Appx. 489, 491 (11th Cir. 2009) (*per curiam*). Defendants assert that the Emergency Room Record attached to Plaintiff's Complaint states that he had a 3/4" laceration above his right eye, a hematoma around the eye, and a moderate amount of swelling, and that these injuries were *de minimis* and cannot support an award of compensatory or punitive damages. (Doc. 17, at 9.) While bruising and swelling alone

might constitute *de minimis* injury, it is unclear whether a laceration of this size, combined with the amount of bleeding Plaintiff described, is similarly *de minimis*. More importantly, Plaintiff asserts in his Complaint that he "has suffered severe headaches and permanent vision damage to his right eye" as a result of the beating. (Doc. 17, at 6.) While Plaintiff does not elaborate on these injuries in his response to the motion to dismiss, his allegations of permanent and ongoing physical injury as a result of the beating are sufficient to support a claim for compensatory and punitive damages, at least at this early stage in the case. Accordingly, the undersigned recommends that the motion to dismiss Plaintiff's claim for compensatory and punitive damages should be denied.

## V. RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' Motion for Partial Dismissal (Doc. 37) should be **GRANTED in part and DENIED in part**:

1. Plaintiff's claims against all Defendants in their official capacities should be dismissed.
2. Plaintiff's claims against Defendant Givens should be dismissed.
3. Plaintiff's claims against Defendants Massey and Smith in their individual capacities, and Plaintiff's claims for compensatory and punitive damages, should go forward.
4. Defendants Massey and Smith should be directed to file an answer to Plaintiff's Second Amended Complaint within 14 days of the Court's order

granting in part and denying in part Defendant's Motion for Partial Dismissal.

**IN CHAMBERS** this 10th day of July 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**