IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ADRIAN ALONZO BAKER,

    Plaintiff,

v.                                    CASE NO. 4:12-cv-360-RS-GRJ

CHRISTOPHER D. MASSEY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Motion for Summary Judgment. Doc. 64. Plaintiff has filed a response in opposition, Doc. 69, and therefore the motion is ripe for review. For the reasons discussed below, the undersigned recommends that the motion be granted.

### I. FACTUAL BACKGROUND

Plaintiff's claims stem from an incident in August 2011, in which he says that he was beaten by Defendants Massey and Smith, both of whom were correctional officers at Taylor C.I. Annex. Plaintiff alleges in his complaint that he was awoken at 3:30 a.m. by Defendant Massey, who ordered Plaintiff out of his cell and "verbally assaulted" Plaintiff about a grievance that Plaintiff had written. Doc. 17, at 5. Plaintiff told Defendant Massey that he would write a grievance about the incident. Plaintiff asserts that Defendant Massey then grabbed him, at which point Plaintiff ran away from Defendant Massey towards his cell. Plaintiff asserts that Defendant Massey chased after him and tackled him.

Plaintiff asserts that Defendant Smith and Officer Givens observed what was

happening from the officer's station. He asserts that Officer Givens was operating the switchboard that opens the doors. Officer Givens let Defendant Smith out of the officer's station, and Defendant Smith proceeded to the place where the altercation was taking place. Plaintiff asserts that Defendant Smith hit him in the eye with his radio when he arrived at the scene, causing Plaintiff's eye to bleed. He asserts that Defendant Massey was still "slamming" and threatening to slam Plaintiff during this time, and that Defendant Smith sprayed him with mace at the direction of Defendant Massey. Plaintiff asserts that after being sprayed with mace, he was slammed to the floor, pummeled, and kicked by Defendant Smith.

Plaintiff asserts that he was then handcuffed by other, unnamed officers, who escorted him to the dormitory and placed him in the shower. These officers then placed him in a confinement wing after he was treated for his injuries by medical staff. Plaintiff received a recommendation for placement in close management.

Plaintiff alleges that the officers' actions violated his Eighth Amendment right to be free from cruel and unusual punishment, and constitute assault and battery. Plaintiff seeks a declaratory judgment, as well as compensatory and punitive damages.

The sworn declarations filed by Defendants provide further details about the incident, none of which has been contraverted by Plaintiff with any sworn or admissible evidence.

While Plaintiff and Defendants agree that Plaintiff was taken from his cell late at night on August 4, 2011, Defendants aver that Plaintiff was removed from his cell for counseling because Plaintiff had placed clothes in the window of his cell in violation of prison rules. After counseling Plaintiff, Defendant Massey ordered Plaintiff to return to

his cell. Rather than heeding the order, Plaintiff confronted Defendant Massey and stated that he was "tired of ya'll fucking with me over that petty shit." (Exs. A1, B1, G6, p. 22.)[1] Defendant Massey states under oath that he gave Plaintiff an order to submit to hand restraints, which Plaintiff refused. *Id.* Plaintiff then shoved Massey, broke away and ran onto the wing towards his open cell on the second floor. (Exs. A1, B1, C1, D1, G6, pp. 22, 30.) Officers Massey and Smith pursued Plaintiff and eventually caught him at the top of the stairs near Plaintiff's cell. (Exs. A2,, B2, G6, p. 22.) Defendant Massey then grabbed Plaintiff around the upper torso with both arms and forced Plaintiff down onto the floor. (Exs. A2, B2, E1, G6-6, p. 22.) Plaintiff continued to resist, continued to ignore orders to stop resisting and began yelling to other inmates. Consequently, because Plaintiff refused to comply, Officer Smith was forced to use pepper spray to get Plaintiff to comply. Plaintiff was then restrained, taken to a shower for decontamination and then taken to medical for treatment of the small cut over Plaintiff's right eye.

    Therefore, although there are differences between Plaintiff's version of why he ran from Defendant Massey, there is no dispute that: (1) Defendant Massey took Plaintiff from his cell to another area; (2) Plaintiff broke away from Defendant Massey and ran away from the officers; (3) the officers were forced to chase Plaintiff and subdue him; (4) in subduing Plaintiff Officers Massey and Smith took Plaintiff to the ground; (5) despite being taken to the ground and despite the efforts of the officers to subdue him Plaintiff continued to resist; (6) Officer Smith deployed chemical agents in

---

[1] References to Exhibits are the exhibits attached to Defendant's motion for summary judgment at Doc. 64.

order to subdue Plaintiff; and (7) the only injury sustained by Plaintiff was a small cut over his right eye that did not require any medical treatment other than the application of two steri-strips. Thus, while Plaintiff alleges conclusionally in his complaint that he was assaulted even under Plaintiff's version he admits that he ran away from the officers, fled to the second floor of the dormitory and was subdued by officers in order to stop Plaintiff from entering his cell. Further, Plaintiff admits that he continued to resist even after he was taken to the ground by the officers.

## II.  SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party." *Samples on Behalf of Samples v. Atlanta,* 846 F. 2d 1328, 1330 (11th Cir. 1988.)  As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact.  If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove."  *Rollins v. Techsouth*, 833 F.2d 1525, 1528 (11th Cir. 1987.)  The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material

fact issue remains to be tried. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785-86 (11th Cir. 2005.)

In civil actions filed by inmates, federal courts "must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgement stage." *Beard v. Banks,* 548 U.S. 521, 530 (2006). Conclusory allegations based on subjective beliefs are insufficient to create a genuine issue of material fact. *See, e.g., Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001.)

### III. DISCUSSION

#### A. Eighth Amendment Claim

Plaintiff claims that Defendants violated his Eighth Amendment rights by using force and pepper spraying him without justification. Defendants contend that they did not violate Plaintiff's Eighth Amendment rights because the evidence demonstrates that Defendants used only the minimal amount of force necessary, and Plaintiff's behavior justified the amount of force used. Defendants also argue that any injury Plaintiff sustained is *de minimis*

The Eighth Amendment provides that no cruel and unusual punishments are to be inflicted. U.S. Const. Amend. VIII. In a prison setting, force is deemed legitimate under the Eighth Amendment as long as it is used "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." *Whitley v. Albers,* 475 U.S. 312, 320-21 (1986.) A variety of factors are considered in determining

whether the force was applied maliciously or sadistically, including the extent of injury, the need for force, the relationship between that need and the amount of force used, the threat reasonably perceived by the prison officials applying it, and any efforts made to temper the severity of the force used. *Hudson v. McMillian,* 503 U.S. 1 (1992). A *de minimis* use of force, as evidenced by *no* injury, typically cannot support a claim of excessive use of force. *Id.* at 7-8.

The use of chemical agents on disruptive prisoners is not *per se* unconstitutional. *Danley v. Allen,* 540 F.3d 1298, 1307 (11th Cir. 2008) (*overruled on other grounds*) ("Pepper spray is an accepted non-lethal means of controlling unruly inmates[,]. . .[and a] short burst of pepper spray is not disproportionate to the need to control an inmate who has failed to obey a jailer's orders"); *Soto v. Dickey,* 744 F. 2d 1260, 1270 (7th Cir. 1984) ("The Supreme Court has never held, nor have we or any other court of appeals, so far as we can determine, that the use of tear gas or a chemical agent is a per se violation of the Eighth Amendment . . ."); *Spain v. Procunier,* 600 F.2d 189, 196 (9th Cir. 1979) ("use of nondangerous quantities of [tear gas] in order to prevent a perceived future danger does not violate 'evolving standards of decency' or constitute an 'unnecessary and wanton infliction of pain.'") When chemical agents, however, are used unnecessarily, without penological justification, or for the purpose of punishing or harming an inmate, the use is unconstitutional. *See Danley,* 540 F.3d at 1311 (holding that prolonged exposure to pepper spray due to a failure to properly decontaminate an inmate may form the basis of an Eighth Amendment claim); *Iko v. Shreve,* 535 F.3d 225, 239 (4th Cir. 2008) (use of additional bursts of pepper spray after inmate attempted to comply sufficiently alleged Eighth Amendment claim.)

After a careful review of the summary judgment evidence submitted by the parties, the Court determines that there is no genuine dispute as to any material fact and that Defendants are entitled to summary judgment in their favor on Plaintiff's Eighth Amendment claim.  The only sworn evidence submitted by Plaintiff to support his claim are his conclusional allegations in the Second Amended Complaint.  Defendants, on the other hand, have submitted sworn declarations, along with other exhibits, that demonstrate that they are entitled to summary judgment.  These other exhibits include copies of Plaintiff's disciplinary reports, the inspector general's use of force report log, and excerpts from Plaintiff's deposition.  Docs. 64, 65, 67.

Applying the *Whitley* factors to the facts of this case results in a conclusion that Defendants' motion is due to be granted.  The undisputed evidence demonstrates that after Plaintiff was removed from his cell and counseled regarding a minor rule infraction, Plaintiff admits that he "snatched" away from Defendant Massey, and ran back towards his cell.  Doc. 64-9 at 3-4.  Although Plaintiff stated in his deposition that he ran back towards his cell because Defendant Massey had gripped his upper arm without issuing a command or a warning, a reasonable correctional officer in Defendant Massey's position would perceive a threat to his personal safety and institutional security from Plaintiff's actions in running away from a correctional officer.  As Defendant Massey stated in his sworn declaration,

> I did not know if inmate Baker had a weapon in his cell that he was attempting to retrieve or if his cellmate was going to further escalate the incident in response to inmate Baker yelling out to the other inmates on the wing to join him.  If Inmate Baker did have a weapon hidden in his open cell and made it to his open cell prior to being restrained, he could have seriously harmed Officer Smith or myself, taken his cellmate hostage, or taken any number of other actions that would also pose a

serious threat to our personal safety or the safety of the institution.

Doc. 65-1 at 1-2.

Given that a reasonable correctional officer would have perceived a threat to safety and security from Plaintiff's actions in running away, there was a need for the application of force. It is not disputed that after Plaintiff ran away Defendant Massey caught up to Plaintiff and forced him to the ground from behind. Plaintiff admits in his deposition that even after he was forced to the ground by Officer Massey he continued to resist. Chemical agents were then applied to Plaintiff by Defendant Smith, who had also pursued Plaintiff as he ran toward his cell. Defendant Smith applied three one-second bursts of chemical agents to Plaintiff, which was approximately 20 grams of a 120-gram cannister of pepper spray. Doc. 67-1 at 2.

The Court concludes that under these circumstances only the minimum amount of force was used. There is no dispute that Plaintiff ran from the officers and refused to stop. Therefore, Defendant Massey had no choice other than to force Plaintiff to the ground in order to subdue him and prevent him from running into his unsecured cell. Defendant Smith was justified in applying chemical agents in order to secure Plaintiff's compliance after Plaintiff continued to resist. Indeed, Plaintiff admitted in his deposition that he continued to resist (Doc. 64-9 at 20), and did not stop resisting until after the chemical agents were applied.

It is also evident that Defendants made efforts to temper the severity of the force that was applied. Consistent with correctional officer training, Officer Smith applied only three one-second bursts of chemical agents to Plaintiff, which was approximately 20 grams of a 120-gram cannister of pepper spray. Doc. 67-1 at 2. Plaintiff also was

provided with a cool water shower after the chemical agents had been applied, and was provided with medical attention after the shower. Doc. 64-8 at 18-19. Plaintiff received medical attention for the small cut he received when the officers were forced to take him to the ground. *Id*.

Lastly, with respect to the final factor, the extent of the injury, the medical records submitted by Defendants show that Plaintiff's injury was minor. Plaintiff's emergency room record evidences that the only injury Plaintiff received was a small laceration about three-quarters of an inch long above his right eye and some swelling over the eye that occurred when the officer was required to bring Plaintiff to the ground when he ran away from the officers. *Id*. The only medical treatment that was required was the application of two steri-strips to the cut in order to close it, and "bleeding stopped at this time." *Id*. The laceration was easily addressed by prison medical staff, and required no followup treatment. Although Plaintiff conclusionally states in his complaint that he has suffered from severe headaches, and permanent damage to his right eye, and soreness from Defendants' use of force, Plaintiff has not submitted any record evidence supporting his allegation that he has sought any continuing medical treatment for these ongoing problems.

Although Plaintiff alleges in his complaint that he was punched and kicked by Defendants after he was taken to the ground, there is no evidence in the record to support this claim besides his own unsupported allegations. In contrast to Plaintiff's failure to submit any evidence Defendants have submitted the sworn declaration of Officer Givens and the sworn declarations of the Defendants. Officer Givens avers that she observed Plaintiff push and kick Defendant Massey. Defendants aver in their sworn

declarations that Plaintiff struck the officers as he tried to run away from them.

In addition to the sworn evidence submitted by Defendants, Plaintiff's disciplinary report history also supports Defendants' versions of events. The records show that as a result of this incident Plaintiff was convicted of battery on a correctional officer, and inciting a riot. Docs. 64-5 at 11; 64-6 at 12; 64-7 at 15. Furthermore, Plaintiff's medical records do not disclose any bruising, redness or any other injuries to support his allegation that he was assaulted other than some minor swelling around the small cut on his right eye, which he received when the officers were forced to take him down after he ran away. Doc. 64-8 at 18-19.

For these reasons, the Court concludes that the evidence demonstrates that Defendants Massey and Smith were justified in using force to subdue Plaintiff and that the force used by Defendants was consistent with the circumstances. And as evidenced by the relatively minor cut over Plaintiff's eye, Plaintiff's injury is not consistent with Plaintiff's claims that he was assaulted by Defendants. Accordingly, because Defendants have demonstrated that there is no genuine dispute of any material fact concerning these events, Defendants are entitled to summary judgment in their favor on Plaintiff's Eighth Amendment claim.

### B.  Qualified Immunity

Defendants also argue that they are entitled to summary judgment because they are entitled to qualified immunity. "Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Andujar v. Rodriguez,* 486 F.3d 1199, 1202

(11th Cir. 2007) (citations omitted); *Brandon v. Holt,* 469 U.S. 464, 472-73 (1985.)

There are two prongs to a qualified immunity test.  The plaintiff must show that "(1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation."  *Holloman ex rel. Holloman v. Harland,* 370 F.3d 1252, 1264 (11th Cir. 2004.)  The U.S. Supreme Court has held that lower courts are permitted to exercise discretion in deciding which prong of the test to address first.  *Pearson v. Callahan, 555* U.S. 223, 236 (2009.)

It is uncontested that Defendants were state actors, and at the time of the incident were acting within their discretionary authority.  As such, the burden shifts to Plaintiff to show that Defendants are not entitled to qualified immunity.  Plaintiff has made no such showing, and, as discussed above, Plaintiff has not submitted any evidence demonstrating that Defendants violated a constitutional right.   Accordingly, because Plaintiff has failed to establish that Defendants violated a constitutional right Defendants also are entitled to summary judgment on their claim of qualified immunity.

## IV.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' Motion for Summary Judgment, Doc. 64, should be **GRANTED**, and the case should be closed.

**IN CHAMBERS** this 8th day of July 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

*Case No. 4:12-cv-360-RS-GRJ*